Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/20/2018 09:11 AM CDT

- 797 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

Nebraska Protective Services Unit, Inc., doing business
as Fraternal Order of Police Lodge #88, appellant,
v. State of Nebraska and Nebraska Association
of Public Employees, Local 61 of the American
Federation of State, County and Municipal
Employees (NAPE/AFSCME), appellees.

___ N.W.2d ___

Filed April 26, 2018.    No. S-17-916.

1. **Administrative Law: Statutes: Appeal and Error.** To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Administrative Law: Appeal and Error.** A court accords deference to an agency's interpretation of its own regulations unless plainly erroneous or inconsistent.
3. **Commission of Industrial Relations: Administrative Law.** Under Neb. Rev. Stat. § 48-809 (Cum. Supp. 2016), the Commission of Industrial Relations promulgated the Rules of the Nebraska Commission of Industrial Relations 9 (rev. 2015) to govern the processes of decertifying the existing collective bargaining agent for a particular bargaining unit.
4. ____: ____. The Commission of Industrial Relations is an administrative agency empowered to perform a legislative function.
5. **Administrative Law.** Generally, for purposes of construction, a rule or order of an administrative agency is treated like a statute.
6. ____. Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.
7. ____. A rule is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.

- 798 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

8. **Commission of Industrial Relations: Administrative Law: Labor and Labor Relations: Contracts: Pleadings: Time.** For each agreement, contract, or understanding subject to the Rules of the Nebraska Commission of Industrial Relations 9(II)(C)(1) (rev. 2015) and a statutory bargaining period, a particular party may file a petition only within the period that occurs earlier in its particular circumstances.

9. **Commission of Industrial Relations: Administrative Law: Public Officers and Employees: Pleadings: Time.** Public employee bargaining units, created pursuant to Neb. Rev. Stat. § 81-1369 et seq. (Reissue 2014), must file any petition, under the Rules of the Nebraska Commission of Industrial Relations 9(II)(C)(1) (rev. 2015), during the period preceding the commencement of the statutorily required bargaining period in § 81-1379.

Appeal from the Commission of Industrial Relations. Affirmed.

Gary L. Young and Thomas Fox, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellant.

Dalton W. Tietjen, of Tietjen, Simon & Boyle, for appellee Nebraska Association of Public Employees, Local 61 of the American Federation of State, County and Municipal Employees (NAPE/AFSCME).

No appearance for appellee State of Nebraska.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ., and DERR and URBOM, District Judges.

FUNKE, J.

The appellant, Nebraska Protective Services Unit, Inc. (NPSU), doing business as Fraternal Order of Police Lodge #88, filed a petition with the Commission of Industrial Relations (CIR) requesting decertification of the certified collective bargaining agent for the protective service bargaining unit (PSBU) and certification of itself as PSBU's new collective bargaining agent. The CIR ruled the petition was not

timely filed, under CIR rule 9(II)(C)(1),[1] and dismissed the petition. We affirm.

## BACKGROUND

The State Employees Collective Bargaining Act[2] created the PSBU to represent the State of Nebraska "institutional security personnel, including correctional officers, building security guards, and similar classes."[3]

The Nebraska Association of Public Employees, Local 61 of the American Federation of State, County and Municipal Employees (NAPE/AFSCME), has been the certified collective bargaining agent for the PSBU since a 1991 election. As PSBU's exclusive bargaining agent, NAPE/AFSCME is responsible for representing all PSBU employees in negotiating biennial collective bargaining agreements with the State of Nebraska, pursuant to § 81-1377(4).

The 2015-17 collective bargaining agreement between the State and PSBU was set to expire on June 30, 2017. In September 2016, NAPE/AFSCME, as PSBU's collective bargaining agent, and the State began negotiations for a 2017-19 collective bargaining agreement, pursuant to § 81-1379. Negotiations for the agreement were completed in January 2017, and the contract was subsequently ratified by a PSBU employees' vote and signed by representatives of both parties. The 2017-19 collective bargaining agreement had an effective date of July l, 2017.

In late August 2016, certain PSBU employees decided to attempt to decertify NAPE/AFSCME as PSBU's exclusive bargaining agent. In October, these PSBU employees formed NPSU to organize the decertification effort and affiliated the organization with the Fraternal Order of Police as Lodge #88.

---

[1] See Rules of the Nebraska Commission of Industrial Relations 9(II)(C)(1) (rev. 2015).

[2] Neb. Rev. Stat. § 81-1369 et seq. (Reissue 2014).

[3] § 81-1373(1)(f).

- 800 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

On March 3, 2017, the NPSU filed a petition with the CIR, requesting a combination election to determine whether PSBU members wanted to (1) decertify NAPE/AFSCME as its bargaining unit and (2) certify NPSU as its new collective bargaining unit. The CIR clerk certified the signatures of 683 PSBU employees, or 43 percent of the total employees, supporting the election requested by NPSU.

The CIR determined that NPSU had made a sufficient showing of interest to warrant an election, but it ruled an election would not be held and dismissed the petition, because NPSU failed to comply with the timeframe expressly required by rule 9(II)(C)(1). The CIR specifically rejected NPSU's argument that a memorandum from CIR clerk Annette Hord, dated December 29, 1999 (Hord memo), interpreted rule 9(II)(C)(1) to permit public employee bargaining units to file within a later period, which NPSU had complied with.

NPSU filed a timely appeal to the Nebraska Court of Appeals, which was removed to this court by order of the clerk of the Supreme Court.[4]

## ASSIGNMENTS OF ERROR

NPSU assigns, restated and consolidated, that the CIR erred in (1) finding that it did not timely file its petition, under rule 9(II)(C)(1); (2) not ordering an election to be held; and (3) dismissing its petition.

## STANDARD OF REVIEW

Any order or decision of the CIR may be modified, reversed, or set aside by an appellate court on one or more of the following grounds and no other: (1) if the CIR acts without or in excess of its powers, (2) if the order was procured by fraud or is contrary to law, (3) if the facts found by the CIR do not support the order, and (4) if the order is not supported by a

---

[4] See § 81-1387(3).

- 801 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

preponderance of the competent evidence on the record considered as a whole.[5]

[1,2] To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[6] However, we accord deference to an agency's interpretation of its own regulations unless plainly erroneous or inconsistent.[7]

## ANALYSIS

The Industrial Relations Act vests authority in the CIR to "determine questions of representation for purposes of collective bargaining for and on behalf of public employees"[8] but prohibits it from "order[ing] an election until it has determined that at least thirty percent of the employees in an appropriate unit have requested in writing that the [CIR] hold such an election."[9] Further, it provides that the CIR "may adopt all reasonable and proper regulations to govern its proceedings [and] the filing of pleadings."[10]

[3] Under this authority, the CIR promulgated rule 9 to govern the processes of decertifying the existing collective bargaining agent for a particular bargaining unit. Regarding the period that the decertification process must be initiated within, CIR's rule 9 provides:

> **II. Petitions Filed by an Employee, Employees, or a Labor Organization:**
>
> . . . .

---

[5] § 81-1387(4).

[6] *In re Estate of Vollmann*, 296 Neb. 659, 896 N.W.2d 576 (2017).

[7] *Melanie M. v. Winterer*, 290 Neb. 764, 862 N.W.2d 76 (2015).

[8] Neb. Rev. Stat. § 48-838(1) (Cum. Supp. 2016). See, also, § 81-1372.

[9] § 48-838(3).

[10] Neb. Rev. Stat. § 48-809 (Cum. Supp. 2016).

- 802 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

C. Such a petition may only be filed:

1. Between the one-hundred twentieth (120th) day and the sixtieth (60th) days preceding either;

a. Termination of an existing agreement, contract or understanding, or

b. Preceding commencement of a statutorily required bargaining period, whichever is earlier.

The State Employees Collective Bargaining Act mandates that "[a]ll contracts involving state employees and negotiated pursuant to the Industrial Relations Act or the State Employees Collective Bargaining Act shall cover a two-year period coinciding with the biennial state budget . . . ."[11] Further, the State Employees Collective Bargaining Act requires:

> The Chief Negotiator and any other employer-representative and the exclusive collective-bargaining agent shall commence negotiations on or prior to the second Wednesday in September of the year preceding the beginning of the contract period, except that the first negotiations commenced by any bargaining unit may commence after such September date in order to accommodate any unresolved representation proceedings. All negotiations shall be completed on or before March 15 of the following year.[12]

Both parties assert that rule 9(II)(C)(1) is unambiguous regarding the time in which a petition to decertify a collective bargaining agent may be filed.

NPSU contends that rule 9(II)(C)(1) permits it to choose to file its petition within either filing period. It contends that the disjunctive terms "either" and "or" mean that a party may choose between the two periods and that the phrase "whichever is earlier" does not restrict a party to a single period but, instead, simply requires a party to file its petition during the

---

[11] § 81-1377(4).

[12] § 81-1379.

- 803 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

next available period after deciding to decertify the collective bargaining agent. It cites the Hord memo as interpreting the rule as such.

NAPE/AFSCME contends that the phrase "whichever is earlier" is a qualifying factor to the disjunctive terms that limit the filing options available to a particular bargaining unit based on its circumstances. It argues that we should defer to the CIR's interpretation, in this case, and that the Hord memo is not authoritative and not inconsistent with the CIR's interpretation.

[4-7] The CIR is an administrative agency empowered to perform a legislative function.[13] Generally, for purposes of construction, a rule or order of an administrative agency is treated like a statute.[14] Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.[15] A rule is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.[16] As mentioned above, we accord deference to an agency's interpretation of its own rules unless plainly erroneous or inconsistent.[17]

[8] We find that the language of rule 9(II)(C)(1) is not ambiguous or open to interpretation, and therefore, we do not consider the rules of construction suggested by the parties. As NPSU argues, "the word 'or', when used properly, is disjunctive."[18] Accordingly, rule 9(II)(C)(1) permits a petition

---

[13] *Douglas Cty. Health Ctr. Sec. Union v. Douglas Cty.*, 284 Neb. 109, 817 N.W.2d 250 (2012).

[14] *In re Petition of Golden Plains Servs. Transp.*, 297 Neb. 105, 898 N.W.2d 670 (2017).

[15] *Id.*

[16] See *id.*

[17] *Melanie M., supra* note 7.

[18] Brief for appellant at 20, citing *Liddell-Toney v. Department of Health & Human Servs.*, 281 Neb. 532, 797 N.W.2d 28 (2011). See, also, *State v. Rask*, 294 Neb. 612, 883 N.W.2d 688 (2016).

- 804 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

to be filed within one of the two periods stated in the rule. However, as NAPE/AFSCME argues, the phrase "whichever is earlier" is an express qualifying factor that limits the option available to a particular party. Therefore, for each agreement, contract, or understanding subject to rule 9(II)(C)(1) and a statutory bargaining period, a particular party may file a petition only within the period that occurs earlier in its particular circumstances.

[9] In the case of public employee bargaining units, created pursuant to the State Employees Collective Bargaining Act, the only period available to file a petition is the period preceding the commencement of a statutorily required bargaining period. Unlike other bargaining units under the Industrial Relations Act, all public employee bargaining units are subject to the bargaining period under § 81-1379, which commences on the second Wednesday in September of the year preceding the beginning of the contract period.

This interpretation is consistent with the CIR's decision in this case. Accordingly, the CIR's decision was not contrary to law. In addition, as stated above, the CIR was specifically granted the authority to promulgate rule 9. Further, because the interpretation of rule 9 is a question of law, the other grounds for reversing its decision, under § 81-1387(4), do not apply.

We do not consider whether the Hord memo is an authoritative interpretation by the CIR, because we do not find its statements inconsistent with the plain meaning of the statute. The Hord memo stated, in relevant part, the following:

[The CIR clerk has] included information regarding the rules that have been amended or added and a brief explanation of the reason for the change or addition.

. . . .

Rules 9C and 9G have been amended to allow entities that have statutorily required bargaining periods the option to file a petition for decertification, whether it be by the employer or by an employee, employees, or a

- 805 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
NEBRASKA PROTECTIVE SERVS. UNIT v. STATE
Cite as 299 Neb. 797

labor organization, in a time period between the 120th and 60th day preceding the commencement of that statutorily required bargaining period.

The use of the word "option" in the Hord memo did not indicate that a party could choose between the two options but merely conveyed that parties subject to a statutorily required bargaining period could now file a petition in a different period than the one that was previously available, i.e., "[b]etween the one-hundred twentieth (120th) day and the sixtieth (60th) days preceding [the t]ermination of an existing agreement, contract or understanding."[19] A party still retains the option to file no petition at all. Additionally, were we to read the Hord memo as NPSU suggests, it would not be entitled to deference based on its inconsistency with the inclusion of the phrase "whichever is earlier" in rule 9(II)(C)(1).

Because NPSU did not file its petition in the period required under rule 9(II)(C)(1), its petition was time barred. Therefore, the CIR did not err in denying NPSU's request for an election and dismissing the complaint.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the CIR.

Affirmed.

---

[19] CIR rule 9(II)(C)(1)(a).